NEW AMSTERDAM CASUALTY COMPANY v. JAMES H. GRAY, JR., AND NINA GRAY WALLACE, TRADING AS G. & S. MOTOR COMPANY, A PARTNERSHIP, AND FORD MOTOR COMPANY.

(Filed 21 September, 1960.)

**Automobiles § 5—**

Evidence tending to show that excessive heat arose from the floor board of the front seat and that fumes were emitted upon the operation of the automobile purchased from defendants, and that on a certain day after the car had been driven a few miles it caught fire while not in operation and unattended, *is held* insufficient to be submitted to the jury in an action against the sellers for breach of implied warranty, there being no evidence from which the cause of the fire might be reasonably inferred.

APPEAL by plaintiff from *Morris, J.,* May-June 1960 Term, of MARTIN.

This is an action to recover for alleged breach of implied warranty. H. H. Williams purchased a new automobile on 16 March 1959, and procured from plaintiff, Casualty Company, an insurance policy covering loss by fire. Williams was sole operator of the car and drove it at a moderate speed at all times. In operation an excessive amount of heat arose from the floor board of the front seat and fumes were emitted. Williams complained to the dealer. The dealer inspected the vehicle and installed a pressure cap and thermostat. The excessive heating continued. A service station attendant inspected the car and found nothing wrong. On 11 April 1959, while not in operation and unattended, the automobile caught fire. It was almost completely destroyed. The car had been driven less than 1000 miles since purchase and on the day of the fire had been driven only a few miles shortly before the fire was discovered. There was no foreign combustible material left in or about the vehicle. The Casualty Company paid Williams the full value of the car, took a subrogation assignment, and instituted this action against the dealer and manufacturer. Plaintiff alleged latent defect in materials and workmanship and breach of implied warranty of fitness.

At the close of plaintiff's evidence defendants moved for nonsuit. Motion was allowed. From judgment of nonsuit and dismissal of the action plaintiff appealed.

*R. L. Coburn for plaintiff, appellant.*

*James and Speight and William C. Brewer, Jr., for defendant Ford Motor Company, appellee.*

*Griffin & Martin for defendant G. & S. Motor Company, appellee.*

PER CURIAM. If the automobile was defective in any respect, the record fails to disclose any evidence, direct or circumstantial, tending to show what the defect consisted of. No causal connection between the excessive heating and the fire is made to appear. Furthermore, there is no contention that heat or fumes had ever been emitted while the car was not in operation. Recovery may not be predicated on conjecture. No evidence has been adduced from which the cause of the fire may be reasonably inferred.

The judgment below is

Affirmed.